UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEE BREINER, | No. 2:21-cv-01053-DAD-DB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF |
| v. | |
| M. POLLARD, | (Doc. Nos. 1, 23) |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his 2019 conviction in the Modoc County Superior Court for premeditated murder of a peace officer engaged in the performance of his duties by means of discharging a firearm from a motor vehicle, attempted murder, and possession of a firearm by a prohibited person, as well as the jury's finding true the multiple firearm allegations. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 22, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied. (Doc. No. 23.) Specifically, the findings and recommendations concluded that the state court's rejection of

/////

/////

1    petitioner's claims[1] was not contrary to or an unreasonable application of clearly established law
2    as determined by the Supreme Court nor did that rejection result in a decision based upon an
3    unreasonable determination of the facts. (*Id*. at 10–25.)
4        The findings and recommendations were served on petitioner with notice that any
5    objections thereto were to be filed within thirty (30) days of the date of their service. No
6    objections to the pending findings and recommendations have been filed with the court, and the
7    time for doing so has passed.
8        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
9    *de novo* review of the case. Having carefully reviewed the entire file, the undersigned concludes
10   that the magistrate judge's findings and recommendations are supported by the record and proper
11   analysis. Therefore, the findings and recommendations will be adopted and petitioner's request
12   for federal habeas relief will be denied on the merits.
13       In addition, the court declines to issue a certificate of appealability. A petitioner seeking
14   a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his
15   petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S.
16   322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court
17   may only issue a certificate of appealability if "jurists of reason could disagree with the district
18   court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the
19   issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S.
20   at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required
21   to prove the merits of his case, he must demonstrate "something more than the absence of
22   frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the
23   present case, the court concludes that reasonable jurists would not find the court's determination
24   that the petition should be denied debatable or wrong, or that the issues presented are deserving of

---

[1] In his pending petition for federal habeas relief, petitioner has presented the following claims: (1) that his right to procedural due process was violated by the trial court's failure to hold a competency hearing; (2) the trial court committed jury instructional error as to petitioner's defense theory of imperfect self-defense; (3) the trial court committed jury instructional error by failing to define "delusion" in its imperfect self-defense instruction; and (4) his conviction was tainted by the cumulative impact of error at his trial.

encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on June 22, 2023 (Doc. No. 23) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 20, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3